Robert R. Young et al., Suing on Behalf of Themselves and All Other Stockholders of New York Central Railroad Company, and in the Right of Said Company, Appellants, *v.* Percy J. Ebbott et al., Respondents, et al., Defendants.

First Department, May 14, 1954.

*Woodson D. Scott* of counsel (*Lord, Day & Lord,* attorneys), for appellants.

*Henry J. Friendly* of counsel (*Edward W. Schall* with him on the brief; *Cleary, Gottlieb, Friendly & Hamilton,* attorneys), for respondents.

*Per Curiam.* The plaintiffs started this lawsuit by service of a summons and complaint on the corporation and four of the individual defendants on various dates between March 4 and 15, 1954. The defendants so served answered promptly, and the individual defendants demanded an examination of plaintiffs before trial. Plaintiffs also demanded pretrial examination of the defendant New York Central Railroad Company, and have already completed that examination of the corporate defendant, by its president. Now, however, plaintiffs seek to stay defendants from examining them on the ground of prematurity under our recently promulgated rule XI of the Trial Term Rules of New York County.

It is apparent that this litigation was commenced because of the pending proxy fight for control of the defendant railroad. After litigants who instituted the action have themselves sought

and fully obtained an examination of the corporate defendant before the date of the proxy vote, they are in no position now fairly to complain about the prematurity of their own examination before trial. For them it is too late to claim delay or prematurity. Any other ruling would, in our opinion, be unfair.

We think, however, that items 11, 12, 13 and 14 of the examination should be stricken at this stage of the proceedings, especially in view of other litigation pending, without prejudice, however, to renew the application to examine on such items at an appropriate time.

The orders appealed from should be modified as aforesaid, and, as so modified, affirmed, with $20 costs and disbursements, to defendants-respondents.

BASTOW and BOTEIN, JJ. (dissenting). The last answer received thus far by plaintiffs was served on May 3, 1954. Only a day later, on May 4, 1954, Special Term signed a modifying order granting a sweeping and extensive examination of plaintiffs. The items of examination are based upon three elaborate affirmative defenses to a simple complaint; yet plaintiffs must submit to examination before they are afforded an opportunity to test the sufficiency of those defenses by motion. Plaintiffs have been unable to date to serve four named defendants, men prominent in the world of finance, who have not seen fit to appear voluntarily. When served those defendants may inject new issues into the case; but in any event, if plaintiffs are examined now they will be subject to repeated examinations upon demand of these later-served defendants.

The prospect presented by the order appealed from points up the soundness of rule XI of Trial Term Rules, New York County, recently promulgated by this court. This rule (subd. 1) provides that " if less than thirty days after the last joinder of issue a notice is served * * * for the taking of testimony by deposition, it shall be deemed premature unless it shall appear that there is reason for proceeding without first affording the adversary party time within which to elect to make motions addressed to the pleadings ". This rule simply prescribes that before adversary parties are to be examined the issues in litigation should be reduced to final form through exhaustion of every opportunity to attack the sufficiency of all or part of the pleadings. Such procedure tends to narrow the issues and consequently the area of examination. In many cases it will even render unnecessary examinations that would otherwise be required under the original pleadings.

As rule XI and the decisions provide, exceptions should be made for good reason. No such reason appears on the face of the pleadings. This is a conventional derivative stockholders' action brought to hold the individual defendants liable in damages to the nominal corporate defendant for waste of corporate assets in connection with the conduct of a proxy fight. The stockholders' meeting is scheduled for May 26, 1954, and the action cannot possibly be tried before that date. No application has been made for relief *pendente lite,* so that there are no urgencies of time that require an immediate examination.

Of course, there is and can be no suggestion by the defendants that they are entitled to examine adverse parties in the plenary action before issue has been completely joined for the purpose of obtaining information for propaganda use in the pending proxy contest.

Apparently the only reason advanced for making an exception to our long-standing rule is that the plaintiffs have examined one of the defendants and therefore turnabout is fair play. Even if this reasoning had some basic validity, there are mitigating circumstances which rob it of its force. Defendants, not plaintiffs, have served the first notice of examination — contemporaneously with their answers, four days after the last summons and original complaint were served. Plaintiffs moved promptly to vacate on the ground that the examination would be premature. Like a prudent general who presses for victory, but preserves his lines of retreat, they alternatively moved to modify the notice and at a later date served a notice of examination of the defendant corporation through its president, White. Defendants raised no objection to the examination of White, and Special Term ordered that his examination be conducted first, to be followed by examination of plaintiffs.

The fact that White's examination has been completed is no reason to depart from our stated policy. Had White moved to vacate as premature the notice served upon him, that motion should have been granted for the reasons we have stated above. Furthermore, the desire to protect litigants from unnecessary harrassment and improper disclosures is not the sole reason for the evolvement of the rule discouraging premature examinations. The courts, burdened as they are with heavy work loads, should not entertain prematurely problems, which, if processes of litigation take their normal course, may never arise. Whatever actions the parties to a lawsuit may take in this regard cannot be regarded as in anywise binding on the court.

The orders, insofar as appealed from, should be reversed and the motion to vacate the notice of examination and quash the subpœna should be granted.

Dore, J. P., Cohn and Callahan, JJ., concur in Per Curiam opinion; Bastow and Botein, JJ., dissent in opinion.

Orders modified in accordance with the opinion herein and, as so modified, affirmed, with $20 costs and disbursements to the defendants-respondents. Settle order on notice.